Dear Ms. Orgeron:
You ask this office to advise whether an individual may hold full-time employment with Nicholls State University and also serve as a member of the Lafourche Parish Sewerage District #1 Board (the sewerage board). You also ask if a full-time employee of the Terrebonne Parish Government may also serve as a member of the sewerage board. Your attention is directed to R.S. 42:63(E), dealing with dual officeholding, which provides:
 (E) No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Further, "appointive office", "employment", "full-time, "part-time", and "political subdivision" are defined by R.S. 42:62 as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per *Page 2 
diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours worked defined in this Section as full time.
The Lafourche Parish Sewerage District #1 Board, while created by the parish police jury, is a separate political subdivision of the state with its own governing body. The members of the board are appointed by the parish governing authority pursuant to R.S. 33:3887.[1] Thus, a member of the board holds part-time appointive office.
R.S. 42:63(E) prohibits the holding of two full-time positions, but does not prohibit one from holding full-time employment and part-time appointive office. Thus, a full-time employee of the university may continue to hold employment while serving as a part-time appointed member of the sewerage board. Similarly, a full-time parish employee may also serve on the sewerage board, for the same reasons.
As a caveat to the above, note the provisions of R.S. 42:66(D) state:
 Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter. *Page 3 
We suggest the provisions of the Lafourche Parish home rule charter be reviewed to determine whether the combination of proposed positions is prohibited by charter provision. Further, as the parish employee of interest here is employed by the Terrebonne Parish Government, the provisions of the Terrebonne Parish home rule charter should be reviewed for any applicable prohibition.
An additional question is raised concerning the per diem paid to members of the sewerage board. R.S. 33:3887 provides for the per diem compensation as follows:
 ". . .The parish governing authority of the parish in which the district is located may pay a per diem to each member of the board of supervisors in an amount not to exceed sixty dollars for each day of his attendance at meetings of the board up to and including twenty-four days in each year. Such governing authority may also pay each member per diem for attendance of up to and including twelve emergency meetings of the board of supervisors of such district called in any one calendar year. Per diem provided by this Section shall be paid out of the district funds in the hands of the treasurer."
Louisiana law allows a per diem for sewerage board members of up to $ 60.00 per meeting for twenty-four meetings, annually, with an additional amount allowed for up to twelve emergency meetings. The per diem of $ 60.00 is not mandatory; rather, the statute provides "the parish governing authority". . ."may pay a per diem." However, the per diem cannot exceed $ 60.00.
Finally, the opinion of this office is limited to an application of the dual-officeholding and dual-employment laws. Civil service rules and regulations should be reviewed for any possible limitations to the proposed arrangement.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 CCF, JR/MJV/crt
[1] R.S. 33:3887 provides, in part:
 § 3887. Supervising board In the ordinance or resolution creating the district, the police jury shall appoint at least three but no more than five property taxpayers residing within the district as the board of supervisors thereof.